IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TOISSANT D. BASSETT, ) | Civil Action No. 7:11-cv-00396 | |
|     Petitioner, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| GENE M. JOHNSON, <u>et al.</u>, ) | By: Hon. Michael F. Urbanski | |
|     Respondents. ) | United States District Judge | |

Toissant D. Basset, a former Virginia inmate and proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that his annual review by the Virginia Department of Corrections ("VDOC") violated due process and equal protection, as guaranteed by the Fourteenth Amendment. During the pendency of this action, the VDOC released petitioner from its custody, and, thus, the court dismisses the petition without prejudice as moot.

**I.**

The VDOC conducts an "annual review" of an inmate and classifies the inmate's security level. The security level determined by the VDOC impacts the amount of good time credit a VDOC inmate earns toward an earlier release; the better the inmate's behavior usually means his security level decreases and increases the amount of good time credit he earns.

At his most recent annual review, the VDOC increased petitioner's security level because petitioner did not participate in a sex-offender treatment program. Petitioner alleges that he has never been, or convicted of being, a sex offender and should not have been required to take the sex-offender treatment program. Petitioner could not earn any good time credit at his new security classification. Petitioner argues that the VDOC violated due process and equal protection by increasing his security level for refusing to attend a sex-offender treatment

program that was not necessary. Plaintiff did not request specific relief in his petition. Since filing the petition, petitioner was released from incarceration.

**II**.

Petitioner does not specifically state the relief he wants via a writ of habeas corpus. Nevertheless, habeas relief is limited to injunctive or declaratory relief because a habeas petitioner may not recover damages via a habeas writ. See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997) (stating that § 1983 claim arguing that due process rights violations resulted in loss of good-time credits should be brought as habeas corpus petition); Heck v. Humphrey, 512 U.S. 477, 486-88 (1994) (stating that a § 1983 claim that would necessarily demonstrate the invalidity of confinement or its duration should be brought as a habeas claim); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release).

A prisoner's transfer or release from a particular prison "moots his claims for injunctive and declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009). "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual. . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." Ross v. Reed, 719 F.2d. 689, 694 (4th Cir. 1983). "Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his

2

claim." Lee v. Gurney, 2010 U.S. Dist. LEXIS 130493, 2010 WL 5113782, *11 (E.D. Va. Dec. 8, 2010). "Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007).

Petitioner challenges the procedure and outcome of his annual review because it denied him the possibility to earn a speedier release from VDOC custody by the rate he earned good time credit. Plaintiff's release from the VDOC's custody moots his habeas claims because he is free, no longer needs good time credits, and is not subject to the VDOC's security classifications. Accordingly, this matter is mooted by petitioner's release, and the court dismisses the petition without prejudice.

### III.

For the foregoing reason, the court dismisses the § 2254 petition without prejudice as moot, pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based upon the court's finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

Entered: September 28, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge